UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- X
In the Matter of

WBAI, as an Affiliate of the Pacifica Network, by CAROLYN McGUIRE, Chairwoman of the WBAI Local Board;
HARVEY EPSTEIN, as a Contributor Member of the Pacifica Foundation and WBAI;
ARTHUR SCHWARTZ, as a Producer Member of the Pacifica Foundation and WBAI;
MIMI ROSENBERG, as a Producer Member of the Pacifica Foundation and WBAI;
JAMES SAGURTON, Member of the Board of Directors of the Pacifica Foundation; and
ALEX STEINBERG, Member of the Board of Directors of the Pacifica Foundation,

19 Civ. 9387 (PAE)

Petitioners,

For an Order Pursuant to Article 78 of the Civil Practice Law and Rules and Section 1315 of the Not for Profit Corporation Law to compel Respondent to restore the status quo,

-against-

PACIFICA FOUNDATION,

Respondent.
-------------------------------------------------------------------------- X

**MEMORANDUM OF LAW IN SUPPORT**
**<u>OF MOTION TO REMAND</u>**

**<u>INTRODUCTION</u>**

On October 10, 2019, Respondent removed this matter, which had been filed on October 7, 2019 and where an expedited Article 78 proceeding was scheduled for October 18, 2019, to this Court on “diversity” grounds, and on the grounds that there was a “federal law claim,” and that the state court action “raises a stated federal issue.” As we explain below, this matter did not have the requisite “amount in controversy,” *i.e.*, $75,000, to support diversity

jurisdiction, and there was no "stated federal issue" in the action as filed either in the state court or in this court.

We move by Order to Show Cause so that the originally scheduled New York State Supreme Court hearing, set for Friday October 18, 2019, can proceed.

## ARGUMENT

### POINT I

### THE AMOUNT IN CONTROVERSY DOES NOT SUPPORT REMOVAL ON DIVERSITY GROUNDS

**The Law:** Defendants asserted diversity jurisdiction under 28 USC Section 1332. Diversity jurisdiction requires a monetary claim of greater than $75,000. In determining the amount in controversy for federal diversity jurisdiction, the court must examine the complaint at the time of removal. *Rogers v. Wal-Mart Stores*, 230 F3d 868, 871 (6th Cir. 2000); *Oshana v. Coca Cola*, 472 F.3d 506 (7th Cir. 2006) ("The status of the case as disclosed by plaintiff's complaint is controlling in the case of removal"); *St. Paul Mercury Indem Co. v. Red Cab Co.*, 303 US 283, 291 (1938). A defendant removing a case has the burden of proving the diversity jurisdiction requirements. *Wilson v. Republic Iron and Steel Co.*, 257 US 92, 97 (1921). "[B]ecause plaintiff is the 'master of the claim,' a claim specifically less than the federal requirement should preclude removal." *Rogers, supra*.

**The Pleadings:** As both sides have explained to the Court, WBAI is a constituent part of the Defendant Pacifica, *i.e.*, it is wholly owned by Pacifica, so WBAI cannot be awarded damages from Pacifica. In fact, Pacifica was able to take over all of WBAI's bank accounts because the accounts were opened under Pacifica's EIN. The First Amended Petition, which was the operative pleading at the time of Removal, had the following "Injury" and "Prayer for Relief" sections:

*INJURY*

*1. By virtue of the aforedescribed, Petitioners have suffered irreparable injury.*

*2. This seizure occurred during WBAI's bi-annual fund drive, where it was collecting approximately $10,000 per day. The loss of these contributions is incalculable.*

*PRAYER FOR RELIEF*

*WHEREFORE, Petitioners pray that this Court restrain and enjoin Respondent from:*

1. *Seizing any property, offices, or equipment of WBAI;*

2. *Terminating employees of WBAI;*

3. *Preventing WBAI from broadcasting its regularly scheduled programming;*

4. *Interfering in the orderly administration of the business and affairs of WBAI; and that this Court*

5. *Grant such other and further relief as is just and equitable.*

The $10,000 per day figure, which Pacifica relies on to justify diversity jurisdiction, is only noted because it concerns the irreparability of the injury. There is no request for payment of damages in the Prayer for Relief. Even if the Petition could somehow be read as a claim for $10,000 per day in damages, the takeover occurred on October 7, 2019 and the Notice of Removal was filed on October 10, 2019, which would mean that only $30,000 or $40,000 of losses were caused by Pacifica's actions. Even using this generous interpretation of the Petition in a setting where removal jurisdiction requirements must be strictly construed, *Ratliff v Merck and Co.,* 359 F. Supp.2d 571, 574 (E.D. KY 2005), the matter clearly does not meet the jurisdictional requirements of this Court.

**POINT II**

**THERE WAS NO FEDERAL CLAIM SET FORTH IN THE STATE COURT PLEADING**

As enunciated in *Long Island Railroad Company v. United Transportation Union,* 484 F.Supp. 1290 (S.D.N.Y. 1980), and *Zimmerman v Conrail*, 550 F. Supp. 84 (S.D.N.Y. 1982), the plaintiff's framing of the complaint is the starting point for determining whether an action "arises under" federal law.

> "In determining whether an action 'arises under' federal law, we must look initially to plaintiff's complaint. *Gully v. First National Bank,* 299 U.S. 109 (1936). If plaintiff chooses to rely on state law as the basis for its claim, then the case cannot be said to arise under federal law even if plaintiff could have relied on federal law instead. *Great Northern Railway v. Alexander,* 246 U.S. 276 (1918); *American Well Works v. Layne,* 241 U.S. 257."

*Long Island Railroad Company*, 484 F.Supp. at 1291–1292.

Here, as in *Long Island Railroad Company,* plaintiffs' Petition alleges a breach of the Pacifica Bylaws, which is a contractual claim. Under New York State law, the Bylaws of a not-for-profit corporation exist as a contract between the parties. *Hellenberg v. Independent Order B'Nai Brith District No. 1*, 94 N.Y. 580; *Anderson v Board of Directors of the Powelton Club*, 183 Misc. 2d 200, 202 (Sup. Ct. Orange County 1999). Non-compliance with an organization's Bylaws, especially where membership rights come into play, voids the action taken. This was made clear by the Second Department in *Paglia v. Staten Island Little League*, 38 A.D.2d 575 (2d Dept. 1971), where the Court voided the barring of a child from the Little League by the League's President because the power to take disciplinary action was vested by the bylaws in the League's Board of Directors.

The mere fact that a federal law regulating commerce (which Respondent asserts is the Federal Communications Act) may be tangentially related to a cause of action is insufficient to

satisfy 28 U.S.C. § 1337(a), conferring district courts with original jurisdiction of "any civil action or proceeding arising under any Act of Congress regulating commerce... ." *Zimmerman v. Conrail*, 550 F.Supp., *supra* at 85–86. In *Chicago and North Western Ry. Co. v. Toledo, Peoria & Western R.R. Co.*, 324 F.2d 936 (7th Cir. 1963), the court upheld the district court's decision denying federal court jurisdiction even though the disputed 1957 trackage agreement between the two railroad companies could not have been undertaken without I.C.C. approval. See also *Peoria & Pekin Union Ry. Co. v. Chicago and North Western Trans. Co.*, 446 F.Supp. 1115 (S.D.Ill. 1978).

Petitioners' claim in this action is no more federal in nature than were the claims in the cases discussed above. While the Federal Communications Act governs aspects of Pacifica's operations, it is in no way an "essential element" of these Petitioners' claim, *see Gully v. First National Bank*, 299 U.S. 109, 112–13, (1936), which, as stated in the First Amended Petition, lies exclusively in the domain of state contract law. Moreover, Respondent's reference to the Federal Communications Act does not convert this from an action based on state law to one based on federal law. The fact that questions of federal law may arise as part of the defense of this action does not create original jurisdiction in this Court. *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908); *Zimmerman*, *supra*, at 86. The federal controversy that forms the basis of original jurisdiction must be disclosed by the face of Petitioners' complaint "unaided by the answer or by the petition for removal." *Gully*, 299 U.S. 108, 113 (1936); *see also* J. Moore, 1A Moore's Federal Practice 0.163[4.3] (3d ed. 2010) (unless plaintiff conceals a federal question, he is the "master of his case"). "It is well-settled that the plaintiff is the "master of the complaint," *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913), and that a claim for relief arises under federal law only

when a substantial federal question is presented on the face of the plaintiff's "well-pleaded complaint." *Gully v. First Nat'l Bank, supra.* Accordingly, a plaintiff may preclude removal by electing not to plead an optional federal cause of action. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987), not that one existed here. Likewise, a defendant may not usurp control of a plaintiff's case simply by asserting a federal defense. *Id.* at 393; *Marcus v. AT & T Corp*., 938 F.Supp. 1158, 1165 (S.D.N.Y.,1996), affirmed 138 F.3d 46 (2d Cir. 1998).

Because this action could not have been brought in this Federal Court as an original matter, the removal requirements of § 1441(a) have not been satisfied. This cases must therefore be remanded pursuant to 28 U.S.C. § 1447(c).

## CONCLUSION

Upon the argument above, and the record, this Court must remand this proceeding to New York State Supreme Court, where a hearing had previously been scheduled for October 18, 2019.

Dated: New York, New York
October 16, 2019

ADVOCATES FOR JUSTICE
Attorneys for Petitioners

By: /s/ *Arthur Z. Schwartz*
Arthur Z. Schwartz
225 Broadway Suite 1902
New York, NY 10007
212-285-1400